1  JOHN P. REITMAN (Bar No. 80579)
   ANDREW S. ROTTER (Bar No. 86725)
2  JAMES B. YOBSKI (Bar No. 163770)
   GUMPORT | REITMAN
3  550 South Hope Street, Suite 825
   Los Angeles, California 90071-2627
4  Telephone: (213) 452-4900
   Facsimile: (213) 623-3302
5
6  Attorneys for Plaintiff R. Todd Neilson, Trustee
   of the "Estate of Reed E. Slatkin and Substantively
7  Consolidated Affiliates Topsight Oregon, Inc. and
   Reed Slatkin Investment Club, L. P. Liquidating Trust"



8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                         WESTERN DIVISION

11  In re                              )  CV 07-06451-RSWL
                                       )
12  REED E. SLATKIN and Substantively  )
    Consolidated Affiliates TOPSIGHT   )  Bk. No.: ND 01-11549-RR
13  OREGON, INC. and REED SLATKIN      )
    INVESTMENT CLUB, LP,               )
14                                     )  CHAPTER 11
                                       )
15              Reorganized Debtors.   )
                                       )
16  _____)
                                       )
    R. TODD NEILSON, Trustee of the    )  [Adv. No. 06-01088-RR]
17  Chapter 11 Bankruptcy Estate of Reed E.)
    Slatkin,                           )
18                                     )
                Plaintiff,             )
19        v.                           )  [proposed] JUDGMENT
                                       )
20  KNYSNA, INC., a California corporation and )
    DOES 1-10, Inclusive,              )
21                                     )
                Defendants.            )
22  _____)

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  Pursuant to Fed.R.Civ.P. 56(c) (Fed.R.Bankr.P. 7056(c)), 28 U.S.C. § 157(c)(1), and
2  Fed.R.Bankr.P. 9033, this Court has considered the motion (the "Motion") of plaintiff R.
3  Todd Neilson, trustee (the "Trustee") of the "Estate of Reed E. Slatkin and Substantively
4  Consolidated Affiliates Topsight Oregon, Inc. and Reed Slatkin Investment Club, L.P.
5  Liquidating Trust," for summary judgment on the Trustee's first through third claims for
6  relief alleged in the Complaint against defendant Knysna, Inc. ("Knysna").
7  Having considered the (1) Motion; (2) the Trustee's Memorandum of Points and
8  Authorities in Support of the Motion; (3) the Trustee's Statement of Uncontroverted Facts and
9  Conclusions of Law in Support of Trustee's Motion for Summary Judgment; (4) the
10 Declaration of John P. Reitman and Exhibits Filed in Support of Trustee's Motion for
11 Summary Judgment; Request for Judicial Notice; Exhibits; (5) the Defendants' [sic]
12 Opposition to Trustee's Motion for Summary Judgment Against Knysna, Inc.; (6) the
13 Declaration of Thomas J. Loegering, Sr. Filed in Opposition to the Trustee's Motion for
14 Summary Judgment; (7) the Trustee's Reply in Support of His Motion for Summary Judgment
15 Against Knysna, Inc.; (8) the Trustee's Evidentiary Objections to the Declaration of
16 Thomas J. Loegering, Sr. Filed in Opposition to the Trustee's Motion for Summary Judgment;
17 (9) the Order entered by the United States Bankruptcy Court for the Central District of
18 California, Northern Division (the "Bankruptcy Court") on the Trustee's Evidentiary
19 Objections to the Declaration of Thomas J. Loegering, Sr. Filed in Opposition to the Trustee's
20 Motion for Summary Judgment; (10) the Trustee's [proposed] Findings of Fact and
21 Conclusions of Law on the Trustee's Motion for Summary Judgment Against Knysna, Inc.;
22 (11) Knysna's [Alternate Proposed] Findings of Fact and Conclusions of law on the Trustee's
23 Motion fro Summary Judgment Against Knysna; (12) the Defendants' [sic] Objections to the
24 [Proposed] Findings of Fact and Conclusions of Law on the Trustee's Motion for Summary
25 Judgment Against Knysna, Inc.; (13) the Bankruptcy Court's Findings of Fact and
26 Conclusions of Law on the Trustee's Motion for Summary Judgment Against Knysna, Inc.
27 (the "Findings and Conclusions"); (13) the Defendants' [sic] Objections to August 14, 2007
28 [Proposed] Findings of Fact and Conclusions of Law on the Trustee's Motion for Summary

Judgment Against Knysna, Inc. and Order on Trustee's Evidentiary Objections to the Declaration of Thomas J. Loegering, Sr. Filed in Opposition to the Trustee's Motion for Summary Judgment; Declaration of Karen L. Grant in Support; and **(14)** the Trustee's Response to Defendants' [sic] Objections to August 14, 2007 [Proposed] Findings of Fact and Conclusions of Law on the Trustee's Motion for Summary Judgment [Etc.], all evidence offered in opposition and support of the Findings and Conclusions, and good cause appearing therefore, the Court hereby ~~accepts the Bankruptcy Court's Findings and Conclusions and~~ grants summary judgment in favor of the Trustee and against Knysna as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that:

**On the First Claim For Relief:**

1. On the Trustee's first claim for relief against Knysna to avoid an intentional fraudulent transfer pursuant to Cal. Civ. Code §§ 3439.04(a) and 3439.07, judgment is granted as follows:

    a. Adrienne Rappoport's ("Rappoport") transfer of the real property commonly known as 14719 Condon Avenue, Lawndale, CA 90260 (the "Condon Property") and the net proceeds of the Condon Property (collectively, the "Condon Assets") to Knysna is hereby avoided. The Condon Property is legally described as follows:

    Parcel 1: The South 45 feet of the North 90 feet of Lot 38, of Tract No. 856, in the City of Lawndale, County of Los Angeles, State of California, as per map recorded in Book 16 Page(s) 96 of Maps, in the office of the County Recorder of said county.

    Parcel 2: An easement for ingress and egress, public utilities and incidental purposes over the South 10 feet of the North 45 feet of the East 170 feet of Lot 38, of Tract No. 856, in the City of Lawndale, County of Los Angeles, State of California, as per map recorded in Book 16 Page(s) 96 of Maps, in the office of the County Recorder of said county; and

    b. Upon entry of this Judgment, the Bankruptcy Court shall order the Bankruptcy Clerk to forthwith issue writs of execution on the Condon Assets.

1. ~~On the Second Claim for Relief:~~
2. ~~a. On the Trustee's second claim for relief against Knysna to avoid a constructive~~
3. ~~fraudulent transfer pursuant to Cal. Civ. Code §§ 3439.05, 3439.04(a)(2) and 3439.07,~~
4. ~~judgment is entered as follows:~~
5. ~~Rappoport's transfer of the Condon Assets to Knysna is hereby avoided~~
6. ~~and~~
7. ~~b. Upon entry of this Judgment, the Bankruptcy Court shall order the~~
8. ~~Bankruptcy Clerk to forthwith issue writs of execution on the Condon Assets.~~
9. ~~3. The relief awarded pursuant to paragraph 2 is included in the relief awarded~~
10. ~~pursuant to paragraph 1.~~

**On the Third Claim for Relief:**

4. The Trustee's third claim for relief is dismissed without prejudice as to all parties.

**Dismissal of Doe Defendants:**

5. As to all Doe defendants, each claim for relief alleged in the Complaint is dismissed without prejudice.

**Final Judgment:**

6. This Judgment is a final judgment adjudicating all of the claims alleged in the Complaint.

DATED: March 28, 2008

RONALD S.W. LEW
HONORABLE RONALD S. W. LEW
UNITED STATES DISTRICT COURT

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Gumport | Reitman, 550 South Hope Street, Suite 825, Los Angeles, CA 90071-2627.

    On **October 9, 2007,** in the manner indicated below, the foregoing document described as: **[Proposed] JUDGMENT** was served on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### [SEE ATTACHED SERVICE LIST]

**X**    **(FIRST CLASS MAIL)** I caused such envelope(s) to be mailed by first class mail by depositing them in an "OUT" box in the office of my employer, following this business's ordinary practice, with which I am readily familiar. On the same day correspondence is placed for collection and mailing in that "OUT" box, such correspondence is deposited in the ordinary course of business with the United States Postal Service by Desmond Mail Delivery Service pursuant to its contract with Gumport | Reitman. (C.C.P. § 1013(a)(3)).

* * * * * *

___    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**X**    **(FEDERAL)**    I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED **October 9, 2007,** at Los Angeles, California.

_/s/ Kathleen Marosy_
KATHLEEN MAROSY

## SERVICE LIST

**UNITED STATES TRUSTEE**
Brian Fittipaldi, Esq.
Office of the U.S. Trustee
128 East Carrillo Street
Santa Barbara, CA 93101

**LIQUIDATING TRUSTEE**
R. Todd Neilson
LECG, LLP
2049 Century Park East, Suite 2300
Los Angeles, California 90067

**CO-COUNSEL TO
LIQUIDATING TRUSTEE**
R. Alexander Pilmer, Esq.
Kirkland & Ellis
777 S. Figueroa, 34th Floor
Los Angeles, CA 90017

**COUNSEL TO DEFENDANT
KNYSNA, INC.**
Karen L. Grant
205 East Figueroa Street
Santa Barbara, CA 93101

**COUNSEL TO ADRIENNE
RAPPOPORT**
Norman J. Kreisman, Esq.
Law Offices of Norman J. Kreisman
2029 Century Park East, 21st Floor
Los Angeles, CA 90067

**COURTESY COPY**
William R. Schuchman, Esq.
3812 Sepulveda Blvd., Suite 220
Torrance, CA 90505